[788 NYS2d 531]

In the Matter of MARK J. O'CONNOR, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, December 30, 2004

**APPEARANCES OF COUNSEL**

*Roderick Quebral, Principal Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*David R. Addelman*, Buffalo, for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent was admitted to the practice of law by this Court on September 12, 1973, and maintains an office for the practice of law in Amherst. The Grievance Committee filed a petition charging respondent with acts of misconduct arising from his representation of one client in several matters. Respondent filed an answer denying material allegations of the petition, and a referee was appointed to conduct a hearing. Following the hearing, the Referee filed a report, which the Grievance Committee moves to confirm.

The Referee found that respondent commingled personal funds with client funds; failed to maintain a proper attorney trust account for client funds, or appropriate records; issued checks drawn against his attorney trust account payable to cash; failed to account for and disburse client and third-party funds in a proper manner; misrepresented to a law enforcement officer and to a chief of the Seneca Indian Nation that he represented a certain party; misrepresented material facts to the Allegany Peacemakers Court of the Seneca Nation; entered into a commercial gem venture with clients; and neglected a legal matter entrusted to him.

We confirm the findings of fact made by the Referee and conclude that respondent has violated the following Disciplinary Rules of the Code of Professional Responsibility:

DR 1-102 (a) (4) (22 NYCRR 1200.3 [a] [4])—engaging in conduct involving dishonesty, fraud, deceit or misrepresentation;

DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5])—engaging in conduct that is prejudicial to the administration of justice;

DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7])—engaging in conduct that adversely reflects on his fitness as a lawyer;

DR 5-104 (former [a]) (22 NYCRR 1200.23 [former (a)])—entering into a business transaction with a client if they have differing interests therein and if the client expects the lawyer to exercise professional judgment therein for the protection of the client, unless the client has consented after full disclosure;

DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3])—neglecting a legal matter entrusted to him;

DR 9-102 (a) (22 NYCRR 1200.46 [a])—commingling client funds with personal funds;

DR 9-102 (b) (2) (22 NYCRR 1200.46 [b] [2])—failing to identify a special bank account in a proper manner;

DR 9-102 (b) (4) (22 NYCRR 1200.46 [b] [4])—failing to maintain disputed funds in a special account;

DR 9-102 (c) (1) (22 NYCRR 1200.46 [c] [1])—failing to notify a client or third party promptly of the receipt of funds in which the client or third party has an interest;

DR 9-102 (c) (3) (22 NYCRR 1200.46 [c] [3])—failing to maintain complete records of all funds and other property of a client or third person coming into his possession and render appropriate accounts to the client or third person regarding them;

DR 9-102 (c) (4) (22 NYCRR 1200.46 [c] [4])—failing to deliver promptly to the client or third person as requested by the client or third person property in the possession of the lawyer that the client or third person is entitled to receive;

DR 9-102 (d) (1) (22 NYCRR 1200.46 [d] [1])—failing to maintain accurate records of accounts; and

DR 9-102 (e) (22 NYCRR 1200.46 [e])—issuing checks payable to cash rather than to a named payee.

We have considered the matters submitted by respondent in mitigation, including the fact that respondent suffered from numerous medical problems. We note, however, that respondent has failed to recognize the seriousness of his misconduct and that he previously received a letter of admonition. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be suspended for one year and until further order of the Court.

GREEN, J.P., PINE, SCUDDER, GORSKI and HAYES, JJ., concur.

Order of suspension entered.